IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DEBORAH JAGGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4272-CV-C-NKL |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Claims Under the Missouri Human Rights Act [Doc. # 6]. For the reasons set forth below, the Motion will be granted.

Under Rule 12(b)(6), a court should dismiss a complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (per curiam). But dismissal is warranted where the complaint reveals on its face an insuperable bar to relief. *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982).

1

In the present case, Defendant argues that Counts III and IV of Plaintiff's claim, alleging violations of the Missouri Human Rights Act, are barred by the Eleventh Amendment to the United States Constitution. In resisting the Motion to Dismiss, Plaintiff concedes that the Eleventh Amendment bars federal courts from adjudicating damage claims against state agencies; however, citing the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), she argues that the Eleventh Amendment does not bar "certain suits seeking declaratory and injunctive relief against state officers." *Dakota, Minn. & Eastern R.R. Corp. v. South Dakota*, 362 F.3d 512, 516 (8th Cir. 2004). Plaintiff argues that, to the extent that Counts III and IV of her claim seek injunctive relief, they should not be dismissed.

While *Ex parte Young* does allow suits for prospective injunctive relief under federal law to proceed against state officials in their official capacity, the U.S. Supreme Court has held that *Ex parte Young* is "inapplicable in a suit against state officials on the basis of state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The Court explained,

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

*Id.* Thus, even if Plaintiff's claims under Counts III and IV were limited to injunctive relief, they would still barred by the Eleventh Amendment.

Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss Plaintiff's Claims Under the Missouri Human Rights Act [Doc. # 6] is GRANTED. Counts III and IV of Plaintiff's Complaint against the Missouri Department of Corrections are DISMISSED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: November 9, 2005
Jefferson City, Missouri